PONDER, Judge.
This is an expropriation suit. The district court allowed the expropriation and awarded compensation and severance damages.
Defendant-appellant takes issue with the holding that LSA-R.S. 45:254 and LSA-R.S. 19:2(9) are constitutional, with the imposition of the obligation to encase the pipeline in the future, with the fixing of the width of the entrance street at 60 feet rather than 100 feet, with the amount of severance damages and with the amount awarded for attorney’s fees. Appellee seeks a decrease in the compensation and severance damages and reversal of the award of attorney’s fees.
We affirm.
Appellee seeks to expropriate a 20 foot permanent servitude across a 35.68 acre tract of land to be used to install a 20 inch fuel pipeline in a pipeline corridor alongside two existing pipelines. One half of the servitude is within a servitude already granted and one half on unencumbered land. The highest and best use of this tract was found to be for residential subdivision purposes. A preliminary subdivision plat was filed and approved some years prior, but no development has yet taken place.
Appellant contends that LSA-R.S. 19:2(9) and 45:254 allowing appellee the right to expropriate are unconstitutional under the Constitution of Louisiana of 1974, Article 1, Section 4. The argument is that the statutes do not incorporate the constitutional requirement that private expropriation be allowed only for “public and necessary purposes”. This article’s ancestor was held to be self-executing. Angelle v. State, 212 La. 1069, 34 So.2d 321 (1948). We hold the same is true of the present article; it provides limitations on the right to expropriate additional to those required by the legislation.
*316 Appellant next argues that the obligation to encase the pipeline in the future cannot satisfy the requirement that “compensation” be paid for the expropriation. The trial court awarded compensation for the property taken, $5,074.50, and severance damages of $10,000.00 for the “fear” caused by presence of the pipeline. Appellant contends that since the pipeline will have to be encased if a public street is ever built over the line, this reduces by that amount what a willing buyer would pay for that property. In final analysis, appellant is seeking present additional damages measured by the cost of future corrective measures.
The trial court did not find that appellant proved that the property must be developed as argued at trial. There is also some question of who would be responsible for the encasement of the pipeline if it ever became necessary.[1] To receive an award of severance damages a diminution in market value after the taking must be proven. Greater Baton Rouge Airport District v. Hays, 339 So.2d 431 (1st Cir. 1976); writ denied, La., 341 So.2d 403 (1977). The evidence on which appellant bases her claim for the added severance damages only proves that there may be a need of some corrective measures to be taken in the future. Thus, we find the denial of the additional severance damages to be correct. However, the jurisprudence of Louisiana has recognized as a valid remedy in expropriation cases the ordering of the needed corrective measures when such claimed injury can be completely relieved. See Gravity Drainage District No. 1 v. Key, 234 La. 201, 99 So.2d 82 (1958).[2] Thus, we find no error in the judgment limiting the servitude granted to the expropriating authority by requiring future encasement if it ever becomes necessary.
Appellant’s next arguments concerning the width of the street, the adequacy of the awards for severance damages and attorney’s fees are all factual evaluations and fall within the discretion of the trier of fact. There is evidence in the record to support the conclusions of the trial judge; thus, we are constrained not to substitute our own. Canter v. Koehring Co., La., 283 So.2d 716 (1973).
The judgment appealed from is affirmed. Appellant is cast for the costs of this appeal.
AFFIRMED.

. Code of Ordinances, City of Baton Rouge, Louisiana: Title 8, Chapter 6, Section 603(j) is not clear if it is the owner of the land or of the pipeline who must encase the line at a future time.

. See Dakin and Klein, Eminent Domain in Louisiana, page 84.